RODRÍGUEZ, PETITIONER, v. DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a Writ of Certiorari to the Second District Court of San Juan.

No. 404.—Decided April 3, 1923.

ATTACHMENT— GROWING CROPS—CUSTODIAN—ADMINISTRATOR—PRESERVATION — EXPENSES.—Orders authorizing the custodian of growing crops attached to secure the effectiveness of the judgment to incur certain expenses necessary for their preservation are null and void, particularly when made in *ex parte* proceedings. When such property is attached to secure the effectiveness of the judgment the marshal has no authority to deliver it to a custodian; but the proper course is for the court to appoint an administrator of the property on which the crops are growing.

The facts are stated in the opinion.

*Messrs. M. Tous Soto* and *R. Arce* for the petitioner.

*Mr. A. Marín Marién* for the adverse party.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In án action brought in the court below by Ramón Valcourt and Rafael Lomba Otero against Cruz Rodríguez an attachment was granted and levied on two crops of tobacco of one hundred and ten acres, more or less, and one hundred and ten acres of sugar cane growing on three properties which were described.

Upon executing the writ of attachment the marshal appointed one custodian for the tobacco crop and another for the sugar cane crop.

The defendant moved for a change of venue to the District Court of Humacao, alleging that that was the court having jurisdiction because he resided in that district.

While the motion for change of venue was pending the plaintiffs made a motion, on January 24, 1923, that the custodian of the sugar cane crop should supply the necessary expenses for harvesting and grinding the cane at the rate most favorable to the planter, and another motion, on

January 30, 1923, that the custodian be authorized to meet the necessary expenses for the cultivation of eight or nine acres of sugar cane which was backward in growth and unfit to be harvested. The Second District Court of San Juan sustained both motions. It appears that the court's orders on these rulings were made without any notice of the motions to the defendant, who now comes before this Supreme Court and petitions for a review of the said orders by certiorari.

Sections 9, 10 and 11 of the Act to secure the effectiveness of judgments of March 1, 1902, prescribe the manner in which a writ of attachment shall be executed. From these sections it is deduced that a custodian is not to be appointed in all cases of attachment. When real property is attached the marshal must be given a description of the property by the party and his function is only to give written notice to the registrar of property of the district for the record of the attachment in the registry, and to the defendant, but without appointing a custodian or depriving the debtor of the use of his property, because the law considers that the record of the attachment in the registry of property is sufficient security for the creditor. But when personal property is attached it is then necessary, in accordance with section 10, to appoint a custodian for the preservation of the property. It seems that section 11 also authorizes the appointment of a custodian in the case of crops. But on this point there is a distinction between harvested crops and growing crops. In the first case section 11 is applicable and allows the appointment of a custodian, but when the crop is growing administration is necessary and the marshal has no authority to appoint a custodian.

"It must be borne in mind that a custodian is not to be appointed in all cases of attachment, but only when the property consists of personal property, including harvested crops, and no

doubt for this reason and because of the small importance that this kind of property generally has, the law has not required that the custodian should give bond. The law prescribes what shall be done for the custody and preservation of other kinds of property; therefore, a special custodian can not be appointed. As has been said before,. cash, public goods and jewelry must be deposited in the public establishment designed for that purpose and from which they can not be removed without the court's order. With regard to growing crops and rents due, the property yielding them shall become subject to administration and the administrator shall be the custodian. If the attachment covers only real property, without including its crops or rents, a cautionary notice in the registry of property is sufficient.''    5 Manresa, Law of Civil Procedure, 515.

In this case the attachment was levied on growing crops and, following the rule cited, it was necessary to create an administration for their preservation, custody, etc.    In such a case the appointment of a custodian by the marshal was beyond his authority; therefore, the orders of the lower court that the said custodian should pay certain expenses in connection with the property attached were without legal validity because they were not within the court's jurisdiction. Besides, section 14 of the Act to secure the effectiveness of judgments prescribes that all pleadings in attachment proceedings shall be served on the adverse party, and inasmuch as the said orders were made *ex parte*, the court failed to comply with the requirements of that section.

By virtue of the foregoing the orders of the Second District Court of San Juan of January 24 and January 30, 1923, must be vacated.

*Orders set aside.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.